## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE TALHOUK, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE RMR GROUP LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW, Plaintiff Georgia Talhouk ("Plaintiff" or "Mr. Talhouk") and files this *Complaint* pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against Defendant The RMR Group LLC ("Defendant" or "RMR").

## JURISDICTION AND VENUE

### 1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

### 2.

Defendant does business in this district and division; therefore, this Court has personal jurisdiction over Defendant. In addition, a substantial part of the acts

and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

RMR is a Delaware Limited Liability Company registered to do business in Georgia.

5.

RMR is an asset management company with a focus on commercial real estate and related businesses.

6.

RMR may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

2

**ADMINISTRATIVE PREREQUISITES**

8.

Mr. Talhouk timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on June 28, 2021.

9.

On May 17, 2022, the EEOC issued a Notice of Right to Sue, entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the Notice of Right to Sue.

**FACTS**

11.

Mr. Talhouk began working for Defendant as Area Chief Engineer on November 27, 2017.

12.

Mr. Talhouk, who is African American, was subjected to frequent racial discrimination throughout his tenure with Defendant.

13.

In March of 2018, Defendant hired David Sowa (Caucasian) as Chief Engineer for One Georgia Center. This normally would be a position that reports to the Area Chief Engineer; yet, Mr. Talhouk was instructed that Mr. Sowa would not report to him.

14.

In January of 2020, when Rebecca Buchannan (Caucasian) was appointed to the role of Area Director, a number of incidents occurred in which Mr. Talhouk was subject to discrimination. As an example, on February 26, 2020, Mr. Talhouk's team of five individuals (of which he was the only African American), won an Outstanding Building of the Year award from the Building Owners and Managers Association (the "BOMA TOBY" award). At a celebratory meeting, Ms. Buchannan provided a gift card to each team member except for Mr. Talhouk.

15.

A similar incident occurred on September 25, 2020, when Mr. Talhouk's team won a company-wide Energy Conservation award. Again, all members of Mr. Talhouk's team—except Mr. Talhouk, the only African American member— were given gift cards in recognition of the accomplishment.

4

16.

On or about September 11, 2020, Mr. Talhouk met with his manager, Greg Fippen, to discuss his compensation for that year. Mr. Fippen informed Mr. Talhouk that the company was suspending bonuses for the year due to COVID-19. However, Mr. Talhouk later learned from discussions with his co-workers that the company did issue bonuses to his peers, almost all of whom were non-African American, excluding him.

17.

On September 28, 2020, Mr. Talhouk spoke with Mr. Fippen, and later emailed him, to inquire why he did not receive the bonuses. He did not receive a response.

18.

Instead, three days later, on October 2, 2020, he received a performance memorandum, threatening his job.

19.

On October 5, 2020, Mr. Talhouk met with Director of Talent Management, Francesca Stella and discussed his concerns about Mr. Fippen and Ms. Buchannan.

20.

Mr. Talhouk specifically set forth his concern that he was being subjected to racial discrimination.

21.

However, Mr. Talhouk never received any resolution to his complaint. Further, there was no investigation conducted nor any discipline issued to resolve the discriminatory treatment.

22.

On October 5, 2020, Mr. Talhouk provided Ms. Stella a detailed response to the issues raised in the performance memorandum with the understanding that she would provide his response to Mr. Fippen.

23.

Ms. Stella never shared Mr. Talhouk's response with Mr. Fippen, and Mr. Talhouk received no further response.

24.

Yet, despite his disagreement with many of the issues, and his ongoing belief that he was being treated in a discriminatory manner, Mr. Talhouk endeavored to address each issue in his work, and he performed his job well.

25.

On January 15, 2021, Mr. Fippen met with Mr. Talhouk and told him he had

not satisfactorily addressed the issues in the memo.

26.

Mr. Fippen then terminated Mr. Talhouk's employment.

**SUBSTANTIVE CLAIMS**

**<u>Count I</u>**
**<u>Retaliation - 42 U.S.C. § 1981 and Title VII</u>**

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Plaintiff engaged in protected conduct when he complained about race- and

color-based discrimination.

29.

Defendant subjected Plaintiff to adverse action (termination) because of his

protected conduct. The adverse action to which Plaintiff was subjected would

dissuade a reasonable employee from making or supporting a charge of

discrimination.

30.

There was a causal connection between the protected conduct and the adverse action.

31.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation, and other indignities.

32.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

33.

Defendant is liable for the damages caused by its unlawful acts or omissions against Plaintiff.

**Count 2**
**Discrimination – 42 U.S.C. § 1981 and Title VII**

34.

Plaintiffs re-alleges the preceding paragraphs as if set forth fully herein.

35.

42 U.S.C. § 1981 prohibits race discrimination in the making and enforcement of contracts.

36.

Title VII prohibits employment discrimination on the basis of race or color.

37.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 and Title VII by engaging in the acts and/or omissions contained herein.

38.

Defendant intentionally discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981 and Title VII.

39.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation, and other indignities.

40.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

41.

Defendant is liable for the damages caused by its unlawful acts or omissions against Plaintiff.

**WHEREFORE**, Plaintiffs pray for judgment and relief as follows:

(a)     Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorneys' fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)        All other relief to which he may be entitled.

Respectfully submitted,

This 8th day of August, 2022.

                                        */s/ James Radford*
                                        James Radford
                                        Georgia Bar No. 108007
                                        Zachary Panter
                                        Georgia Bar No. 822012
                                        *Counsel for Plaintiff*

RADFORD & KEEBAUGH
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0308
james@deacturlegal.com
zachary@decaturlegal.com

11